IN THE OREGON TAX COURT

Joseph B. and Jodi M. HINES
*v.*
DEPARTMENT OF REVENUE
ASSESSOR OF WASCO COUNTY
*Intervenor*
(TC 3119)

Jodi M. Hines appeared *pro se* for the plaintiffs.

Bernard L. Smith, District Attorney for Wasco County, represented intervenor.

Decision for plaintiffs rendered November 14, 1991.

### CARL N. BYERS, Judge.

Plaintiffs appealed the assessed value of 39.26 acres of bare land. The subject property was assessed at a value of $27,050 as of January 1, 1990, and plaintiffs contend that the true cash value does not exceed $12,000.

Plaintiffs purchased the property in 1984 in expectation of building a home. Plaintiffs paid $595 an acre, or

$23,369 total. The property is zoned F-2, which is a forest zone, 40-acre minimum. The zoning ordinance states:

> "The purpose of the 'F-2' Forest Zone is to manage areas for the continued use of lands for renewable resource production, retention of water resources, open space, recreation, wildlife habitats and related forest uses."

Single family dwellings are permitted within the zone only as a conditional use accessory to one of the allowed forest or farm uses.

The property is relatively steep with no water. Mrs. Hines testified that it is not suitable for growing trees.

Plaintiffs listed the property on the market in May, 1988, for $30,000. The property has been listed since that time at ever-reduced prices, with the last asking price at $20,000. Plaintiffs have received four offers, one for $12,000 cash with no conditions. Plaintiffs accepted three offers at $19,000, but they were conditioned on the purchasers obtaining a conditional use permit to build a dwelling. All three offers were withdrawn when the buyers concluded that they would never get a conditional use permit. Mrs. Hines testified that the property is still for sale and that plaintiffs would accept $17,000.

Intervenor's appraiser used the sales comparison approach in valuing the property for the county. The appraiser found four sales of similar-sized property with the same zoning. Those sales had prices ranging from $24,000 to $35,000. Based on his analysis of those comparable sales, the appraiser found an indicated value of $712 per acre, or $27,950 for the subject property.

Intervenor's appraiser acknowledged the zoning restrictions on the subject property. He testified that parcels over 160 acres in size or under 10 acres in size can usually obtain permits for dwellings. In order for a conditional use permit to be obtained for the subject property, it must be accessory to a forest or farm use. This appears unlikely. Intervenor's comparable sales all have the same zoning and the same restrictions. The appraiser did not attempt to determine why the comparable sales have sold and the subject has not, explaining that he does not examine the motives of the parties.

■     Cases involving the effect of zoning on the value of property are often the most difficult to decide. This is particularly true where conditional use permits are involved. In this case the assessor is correct in comparing the subject property with other property located in the same zone. However, the evidence in this case has established that the subject property, for reasons that are not clear, is not comparable to the other properties.

The evidence shows that the subject property has been on the market for over two years. The court finds it significant that subject property has been for sale in the same market as the comparable sales. During those two years, the market has declined to buy the subject property for as little as $19,000 but was willing to pay as much as $35,000 for what defendant asserts is similar property. There may be a number of reasons for this. For example, plaintiff suggested the presence of timber and other differences in topography or soil of the other properties may account for those differences. Perhaps the buyers of the other properties were not knowledgeable buyers.[1]

■ ■     Although no one may be able to explain the differences in the properties, the market evidence makes such an explanation unnecessary. This is a point that must not be overlooked. Plaintiffs accepted three conditional offers on the subject property. Although they are not completed sales, they come close to the "highly persuasive effect" given to arm's-length sales of a subject property. *Kem v. Dept. of Rev.*, 267 Or 111, 514 P2d 1335 (1973). Here the market has rejected the subject property three times. The same market has purchased other properties ostensibly like the subject for amounts ranging from $24,000 to $35,000. If the other properties were truly comparable, the principle of substitution dictates that the market would purchase the subject property at $19,000 before paying $35,000 for a comparable. Since the market did not, the court must conclude that the other properties are not comparable.

Based on the evidence submitted in this case, the court finds that the true cash value of the subject property as of January 1, 1990, was $19,000. Costs to neither party.

---

[1] If the buyers of the comparable properties were not knowledgeable, this would disqualify those sales as valid market comparables.